UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1928** |
| **STATE FARM, ET AL.** | **SECTION "L"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Brian Washington ("Washington") was an inmate housed in the St. Tammany Parish Jail ("STPJ") when they filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of their confinement. ECF No. 1 (Deficient Complaint). Washington did not pay the filing fee or submit a pauper application with their complaint. On September 11, 2025, the Clerk of Court sent Washington a notice of these deficiencies which required them to either pay the filing fee or submit a properly completed and certified pauper application within 21 days of the date of the notice. ECF No. 2. The pauper application forms were provided to Washington with the notice. The envelope mailed to Washington at their address of record has not been returned as undeliverable. Washington did not respond to or comply with the deficiency notice.

On October 15, 2025, the undersigned Magistrate Judge issued an Order requiring Washington to show cause in writing by November 13, 2025, why their complaint should not be

dismissed for their failure to prosecute by failing to respond to the deficiency notice and either pay the filing fee or submit a completed, certified pauper application. ECF No. 3. A copy of the order was mailed to Washington at their address of record. On November 11, 2025, the envelope was returned marked "Return to Sender" and "Unable to Forward." ECF No. 4. As of the date of this order, Washington has not responded to or complied with the show cause order.

II.    **Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). This policy was adopted in EDLA Local Rule 41.3.1 which specifically provides that a pro se litigant's failure to notify the Court of a postal address change within 35 days of the Court's receipt of returned mail may be considered cause for dismissal for failure to prosecute. In addition, the complaint form used by plaintiff to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, ¶VI, at 6 (Plaintiff's Declaration).

## III. <u>Analysis</u>

Washington has not replied to the Clerk of Court's deficiency notice or the Court's show cause order. Washington also has not paid the filing fee or submitted a certified pauper application to initiate this suit. Washington is proceeding *pro se*, and their failure to comply with the notice and the Court's order is solely the result of their own actions or inactions. Their failure has resulted in the Court's inability to move forward with this case and its docket.

Additionally, Washington has not provided the Court with their current address despite their acknowledged obligation to do so. They also has not contacted the clerk or the Court after they received the deficiency notice with the appropriate forms to initiate this suit. The Court's order mailed to them at their address of record was returned as undeliverable.

For these reasons, Washington's § 1983 complaint should be dismissed without prejudice under FED. R. CIV. PROC. 41(b) for failure to prosecute.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Brian Washington's 42 U.S.C. § 1983 civil rights complaint therein be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 25th day of November, 2025.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.